UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO STAPLETON,

    Plaintiff,

v.                                                       Case No.  2:16-cv-138
                                                     Hon. GORDON J. QUIST

DANNY PELKOLA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by state prisoner Antonio Stapleton pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants Contreras, Pelkola, and Durand conspired to plant marijuana in Plaintiff's personal property so that it would be discovered during a shakedown.  Plaintiff asserts that this retaliatory act was due to Plaintiff's failure to implicate inmate "J.B." for possessing a cell phone.  Defendants filed a motion to dismiss and for summary judgment (ECF No. 38) and a supplement to that motion (ECF No. 41).  Plaintiff filed a response (ECF No. 42).  Defendants filed a reply (ECF No. 49).

Plaintiff has agreed to voluntarily dismiss Defendants Shane Place and Lance LaRock.  Plaintiff agrees to voluntarily dismiss Count III for retaliation under the First Amendment, but requests to amend his pleading to assert a retaliation claim under the Fifth Amendment.  Plaintiff agrees to dismiss Count VII for racial discrimination, and Count V for malicious prosecution under state law.  The remaining claims are for violations of the Fourth Amendment, Eighth Amendment, and substantive due process.  Defendants object to allowing Plaintiff to amend his complaint to add a retaliation claim under the Fifth Amendment.

Plaintiff has asserted that Defendants Contreras, Pelkola, and Durand conspired to plant marijuana in Plaintiff's property so that it would be discovered during a subsequent search. On June 10, 2013, Defendant Pelkola strip searched Plaintiff. Defendant Pelkola asked Plaintiff questions about prisoner "J.B." Defendant Pelkola was seeking information because a cell phone had been found in "J.B.'s" cell that appeared to have been used by Plaintiff. Plaintiff refused to provide any information. Later that day, Plaintiff's property was packed-up. Prisoner Silva's property was also packed-up. Cigarettes were found in Plaintiff's property and Plaintiff was issued a class I misconduct ticket for substance abuse for tobacco. The property was placed in bags and placed in the same area. The next day, the property was taken to the Inspector's Office. Defendants Durand and Pelkola, allegedly under the direction of Defendant Contreras, searched the property. Two and one half pounds of marijuana were found in a jar of peanut butter. Plaintiff was given a class I misconduct ticket for substance abuse for marijuana. The peanut butter jar with concealed marijuana actually belonged to prisoner Silva.

Plaintiff alleges that Defendant Contreas contacted the Michigan State Police, and Plaintiff was charged and prosecuted in the Marquette County Circuit Court for being a prisoner in possession of marijuana. Plaintiff was arraigned on July 28, 2013. On August 23, 2013, the prosecutor dropped all the charges against Plaintiff. Plaintiff asserts that Defendant Durand lied under oath at the preliminary hearing and failed to complete a contraband removal form as required by policy. Plaintiff asserts that Defendants Pelkola and Contreras both harassed him and threatened him about the incident, even after the misconduct finding for marijuana substance abuse was expunged by judgment of the state court on June 18, 2014, and the Marquette County state court prosecution was dropped.

2

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants argue that they are entitled to the defense of qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167

3

F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful.  *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct.  *Id.* at 816.  If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted.  The court may consider either approach without regard to sequence.  *Id*.

Plaintiff asserts that his Eighth Amendment claim is based upon the fact that Defendants "intended to send him to segregation by writing a false misconduct ticket and claiming he possessed drugs that they knew belonged to someone else."  (ECF No. 42, PageID.299).  As a result, Plaintiff argues that even one minute in segregation is unconstitutional if it was the consequence of an egregious set-up.  Plaintiff's argument asserts that, under these facts, he was subjected to unnecessary cruel and unusual punishment.

The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark

4

the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although certain privileges were denied as a result of his administrative segregation, Plaintiff has not shown that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

Although, Plaintiff has presented facts which could show that he was framed by Defendants when marijuana was placed in his packed up property, Plaintiff has not set forth facts which could establish a violation of the Eighth Amendment.[1] As noted above, Plaintiff has not shown that his placement in segregation deprived him of basic needs. Moreover, because the

---

[1] Judge Nelson discussed in his concurring opinion in *Cale v. Johnson*, 861 F.2d 943(6th Cir. 1988), abrogated in part by *Thaddeus-x v. Blatter*, 175.3d 378 (6th Cir. 1999), whether the Eighth Amendment might be applicable to a prisoner's allegations that he was "framed-up" or "set-up" by prison officials who planted marijuana on him. Judge Nelson determined that the Eighth Amendment could not present a viable claim under such facts.

Eighth Amendment is concerned with unnecessary punishment that results in denial of basic needs, it is not implicated by facts that could establish that an individual was wrongfully accused of a crime.  Therefore, despite the fact that Plaintiff alleges that the Defendants planted evidence to make it look as if Plaintiff committed a crime, such allegations do not rise to the level of an Eighth Amendment violation.  In the opinion of the undersigned, Defendants are entitled to the defense of qualified immunity on Plaintiff's Eighth Amendment claim.

Defendants argue that Plaintiff's Fourth Amendment malicious prosecution claim fails.  Defendants state that they were not involved in the decision to prosecute Plaintiff for marijuana possession, that probable cause existed to prosecute, and that there was no loss of liberty because Plaintiff was already a prisoner at the time of the charges.

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. 2010). The Sixth Circuit set forth the elements of a malicious prosecution claim:

> (1) a criminal prosecution was initiated against the plaintiff, and defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence apart from the initial seizure; and (4) the criminal proceeding was resolved in plaintiff's favor.

*King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017).

Defendants argue that they did not initiate the prosecution of Plaintiff.  Plaintiff alleges that Defendants planted marijuana in his property to frame him.  Defendants assert that either they were not involved in framing Plaintiff, or that the placement of the marijuana in

6

Plaintiff's property was the result of a mix-up between Plaintiff's property and the property of the prisoner who actually possessed the marijuana. In addition, Defendants argue that Plaintiff was responsible for his property and the items that are found in his personal property. Defendants argument lacks merit. As noted above, Plaintiff alleges that Defendants planted the evidence in his personal property in order to cause criminal proceedings against Plaintiff. Plaintiff has clearly presented sufficient allegations that, if true, show that Defendants' actions influenced the decision to prosecute Plaintiff.

Similarly, Defendants argue that probable cause existed to prosecute Plaintiff because the marijuana was found in his personal property. This argument fails to take into account Plaintiff's allegations that Defendants framed Plaintiff when they placed the marijuana within his property. If Defendants framed Plaintiff, and contacted the prosecutor knowing that Plaintiff was innocent, then Defendants knew that probable cause did not exist to support the prosecution. Probable cause was lacking because the marijuana belonged to prisoner Silva and the charges were eventually dropped by the Marquette Prosecutor's Office. In the opinion of the undersigned, genuine issues of fact exist regarding whether Defendants were involved in framing Plaintiff by planting the marijuana in Plaintiff's property.

Defendants argue that Plaintiff suffered no deprivation of liberty because he was already in prison. Plaintiff states that his deprivation of liberty occurred when he was placed in administrative segregation due to false charges, forced to attend a video arraignment in prison, taken to a preliminary hearing at the Marquette County Circuit Court, and subjected to a felony charge that could have extended the length of his imprisonment.[2]

---

[2] According to OTIS, Plaintiff's earliest release date is May 14, 2035, and his maximum discharge date is May 14, 2067. http://mdocweb.state.mi.us/OTIS2/otis2.html.

The parties have not cited any case law to support their arguments. The issue is not whether Plaintiff's procedural due process rights were violated when he was placed in segregation. *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Thus, the question remains whether planting marijuana in a prisoner's property could result in a loss of liberty under the Fourth Amendment when the prisoner framed for the crime is placed in administrative segregation and forced to defend himself against a wrongful state court prosecution.

Prisoners maintain some reasonable expectation of privacy, although less than those enjoyed by non-prisoners. *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). "[T]he Fourth Amendment protects prisoners from searches and seizures that go beyond legitimate penological interests. *Stoudemire v. Michigan Dept. of Corrections*, 705 F.3d 560, 572 (6th Cir. 2013) citing, *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007). There can be no doubt that if the Court accepts Plaintiff's version of the facts, the planting of marijuana in Plaintiff's property did not promote legitimate penological interests. Defendants assert that Plaintiff was moved from general population to administrative segregation for two reasons. Plaintiff was charged with possession of tobacco (cigarettes) and with possession of marijuana. On June 14, 2014, Plaintiff was found guilty of possession of tobacco and given 30 days detention and loss of privileges. (Class I Misconduct Report, ECF No. 39-4, PageID.131). Also, on June 14, 2014, Plaintiff was found guilty of possession of marijuana and given 30 days detention and loss of privileges. (Class I Misconduct Hearing Report, ECF No. 39-5, PageID.134). Plaintiff received a combined sanction of 60 days of detention as a result of the two misconduct ticket violations. Plaintiff was housed in segregation for more than 60 days. On June 18, 2014, the misconduct conviction for marijuana possession was reversed and expunged on procedural grounds by the

8

Honorable James S. Jamo. (ECF No. 39-6, PageID.136-142). The Segregation Behavior Review reports states that segregation was continued due to Plaintiff's tobacco substance abuse and smuggling.[3] (ECF No. 160-168).

Plaintiff has arguably established that he faced a loss of liberty as a result of egregious conduct by Defendants in planting marijuana, falsely writing a misconduct ticket, allowing Plaintiff to be found guilty at an administrative hearing, and subjecting Plaintiff to false prosecution in Marquette County based upon planted evidence. This is exactly the type of conduct that has been found to violate a prisoner's liberty interest when a prisoner receives "false charges subject[ing] him to the possibility of loss of liberty through segregation." *Robinson v. Schertz*, 2007 WL 4454293, 2 (W.D. Mich., Dec. 14, 2007). In this case, Plaintiff was placed in segregation as a result of the alleged misconduct by Defendants and additionally faced a criminal prosecution that could have caused increased incarceration time. In the opinion of the undersigned, Plaintiff has satisfied the elements necessary to support a Fourth Amendment malicious prosecution claim and genuine issues of fact preclude summary judgment.

Plaintiff asserts that Defendants violated his substantive due process rights. Defendants argue that the substantive due process claim must be dismissed because the claim is actually one under the First Amendment. Defendants argue that because Plaintiff's First Amendment claim lacks merit, a substantive due process claim may not proceed.

---

[3] It does appear that "marijuana" was subsequently blacked out on the forms. The forms dated December 2014, indicate that Plaintiff was in segregation due to being involved in a fight in November of 2014. (ECF No 39-10, PageID.170-175). In May of 2015, the segregation forms indicate that Plaintiff was observed striking another inmate in an unrelated physical confrontation. (ECF No. 39-10, PageID.177-182). In October of 2015, Plaintiff was in segregation for threatening an officer. (ECF No. 39-10, PageID.184-193). Plaintiff remained in segregation after he threatened another officer. (ECF No. 39-10, PageID.195-207). Plaintiff was confined in segregation for a number of different reasons that were unrelated to the marijuana possession conviction. The exact length of time that Plaintiff was housed in segregation solely because of the marijuana possession is not clearly a matter of record. It appears that Plaintiff was housed in segregation due to the marijuana and cigarette misconducts for less than 6 months.

Substantive due process rights under the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

In order to state a viable substantive due process claim premised upon the arbitrary use of governmental power, plaintiff must show at a minimum intentional governmental conduct which "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *See e.g. United States v. Salerno*, 481 U.S. 739, 746 (1987); *Nobles v. Brown*, 985 F.2d 235, 236-237 (6th Cir. 1992). In the Sixth Circuit, these standards require that plaintiff establish that he has been deprived of a fundamental right and that the defendants were more than simply negligent. *See generally*, *Nobles*, *supra*; *Newell v. Brown*, 981 F.2d 880 (6th Cir. 1992), *cert. denied* 510 U.S. 842 (1993); *Sutton v. Cleveland Board of Education*, 958 F.2d 1339, 1350-1351 (6th Cir. 1992); *Charles v. Baesler*, 910 F.2d 1349 (6th Cir. 1990) (Hillman, sitting by special designation); *see also Nishiyama v. Dickson County*, 814 F.2d 277, 282 (6th Cir. 1987). Plaintiff must show that Defendants' conduct was egregious, shocking to the conscience, or otherwise transcended all bounds of reasonable behavior. *Williams v. Smith*, 717 F. Supp. 523 (W.D. Mich. 1989) (Hillman, C.J.).

10

Such allegations are best characterized as an alleged violation of substantive due process. However, in the absence of conduct which shocks the conscience or which infringes some other substantive constitutional right, such claims are consistently dismissed by the courts. *See Smith v. Massachusetts Department of Corrections*, 936 F.2d 1390, 1402 (1st Cir. 1991) (malicious prosecution claim under Section 1983 requires satisfaction of either substantive or procedural due process elements, including either showing of egregious or conscience-shocking misconduct or lack of an adequate state remedy); *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989) (claims based upon falsity of misconduct charges standing alone do not state a claim under Section 1983, unless linked to some other substantive constitutional right); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988) (false misconduct report does not by itself state claim, unless filed in retaliation for cooperation in investigation of staff corruption). *See also Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988) (retaliation claim in which prisoner alleged evidence against him in disciplinary proceedings was falsified required showing of conduct which represents an "egregious abuse of governmental power" or otherwise "shocks the conscience" *and* that plaintiff risked a loss of liberty). In the absence of these elements, the courts consider state tort law an adequate remedy for simple malicious prosecution claims. *See e.g. Franco*, *supra*, at 588 (Section 1983 cannot be made a vehicle for transforming mere civil tort injuries into constitutional injuries) and *Cannon v. Bernstein*, 2010 WL 3842364 (E.D. Mich. 2010) (framing a prisoner for a misconduct violation by forging documents, hiding exculpatory evidence, and intimidating witnesses supported substantive due process claim).

> In *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988), the plaintiff alleged that prison guards violated his substantive due process rights by falsely accusing him of possessing marijuana and placing him in administrative segregation in retaliation for his complaints

11

> concerning the quality of food. The court noted that the standard for malicious prosecution-type substantive due process claims was "whether defendants' conduct 'shocks the conscience.' " *Id.* at 949 (quotations omitted). The Court concluded that the plaintiff's allegations-that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits-demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation. *Id.* at 950. *See also Abdur-Rahman v. Meyer,* No. 95-2321, 1997 WL 148804, at *2 (6th Cir. Mar.31, 1997) (concluding that the plaintiff-inmate could establish a substantive due process claim if he could show that the defendants acted in retaliation for his complaints by issuing a false misconduct charge). More recently, in *Scott v. Churchill,* 377 F.3d 565 (6th Cir.2004), in addressing the issue of qualified immunity, the court rejected the defendant's attempt to distinguish *Cale.* The defendant argued that *Cale* was distinguishable because the defendants in *Cale* had someone plant drugs on the plaintiff and they actually placed him in administrative segregation, whereas in *Scott* the defendant merely filed a false misconduct charge, and the plaintiff was never placed in administrative segregation. *See id.* at 571-72. The court rejected both arguments, noting first that there is not basis for distinguishing between planting drugs on a prisoner and giving false testimony against a prisoner, and second, that the focus of *Cale* was not upon the brief administrative detention, but rather upon the *danger* of further loss of liberty entailed by potential administrative detention and loss of good-time credit. *See id.*

*Robinson*, 2007 WL 4454293, 1-2.

The conduct alleged in this case includes assertions that Defendants planted marijuana in Plaintiff's personal property to frame him and contacted law enforcement to initiate fraudulent criminal charges. These circumstances clearly shock the conscience and are sufficient to state a substantive due process claim. Plaintiff has submitted sufficient facts to show that a genuine issue of fact exists on this issue.

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not

12

the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). Defendants assert that Plaintiff may only bring his claim under the First Amendment. However, a First Amendment retaliation claim involves actions taken in response to protected conduct. Defendants argue that they did not take any action in response to Plaintiff's protected conduct. The substantive due process claim involves an egregious abuse of power that shocks the conscience, such as planting false evidence to gain a conviction for a crime that was never committed.

In *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006), the Sixth Circuit noted that in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court found that a claim brought under the Substantive Due Process Clause for arrest without probable cause for selling a cocaine look-alike substance was actually a claim for a pretrial deprivation of liberty under the Fourth Amendment.

> Finally, it is clear from *Albright* that we cannot continue to style all injuries formerly encompassed by the "malicious prosecution" basket as due process violations. Rather, we must "unpack" this basket to understand the underlying constitutional violation. A plaintiff must pursue relief under the appropriate constitutional guarantee, and the Court must apply the appropriate legal standard. A reading of *Albright* and *Spurlock* [*v. Satterfield, 167 F.3d 955 (6th Cir. 1999)*] also makes clear that the subset of malicious prosecution claims which allege continued detention without probable cause must be pursued and analyzed under the Fourth Amendment.

13

> Seeking clarity in language, we decline to style Plaintiff's cause of action as an action for "malicious prosecution" under § 1983. Rather, we characterize the cause of action simply as the right under the Fourth Amendment to be free from continued detention without probable cause. Here, Plaintiff properly pled a Fourth Amendment violation in his complaint and pursued as much in the court below. We therefore apply Fourth Amendment analysis.

*Gregory*, 444 F.3d at 749. In this case, Plaintiff has properly alleged and supported a Fourth Amendment claim. For this reason, it is recommended that the Court dismiss the substantive due process claim and allow Plaintiff to proceed on his Fourth Amendment malicious prosecution claim.

Plaintiff seeks to amend the complaint to add a Fifth Amendment retaliation claim. Plaintiff has not fully developed this claim at this time. A retaliation claim is based upon a violation of the First Amendment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff asserts that he engaged in protected conduct by asserting his Fifth Amendment right not to incriminate himself when he was asked about "J.B." and the cellphone. Plaintiff asserts that Defendants took retaliatory action based upon his protected conduct. Plaintiff has not moved to amend his complaint and this request is not properly before the Court at this time.

In summary, it is recommended that the Court dismiss Defendants Shane Place and Lance LaRock, Count III for retaliation, Count VII for racial discrimination, Count V for malicious prosecution under state law, Count I for violating the Eighth Amendment, and Count II under the Substantive Due Process Clause of the Fourteenth Amendment.  In the opinion of the undersigned, Plaintiff has shown that a question of fact exists regarding whether Defendants Durand, Pelkola, and Contreras violated Plaintiff's Fourth Amendment right to be free from malicious prosecution (Count IV) and whether they engaged in a conspiracy (Count VII) to violate Plaintiff's rights.

Accordingly, it is recommended that Defendant's Motion for Dismissal and/or Summary Judgment (ECF No. 38) be GRANTED dismissing Defendants Place and LaRock, Plaintiff's retaliation, racial discrimination, state law malicious prosecution, and Substantive Due process claims.  It is recommended that the motion be DENIED as to Defendants Durand, Pelkola, and Contreras on Plaintiff's Fourth Amendment malicious prosecution claim and his conspiracy claim.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:  February 6, 2018