UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO STAPLETON,

    Plaintiff,

v.                                          Case No. 2:16-CV-138

DANNY PELKOLA, et al.,                      HON. GORDON J. QUIST

    Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

    This is a civil rights action brought by state prisoner Antonio Stapleton under 42 U.S.C. § 1983. Stapleton alleges that Defendants conspired to plant marijuana among his personal property in retaliation for his implicating another inmate for possessing a cell phone. Defendants filed a motion to dismiss and for summary judgment (ECF No. 38) and a supplement. (ECF No. 41.) Stapleton responded. (ECF No. 42.) Defendants replied. (ECF No. 49.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court grant in part and deny in part Defendants' motion. (ECF No. 52.) Stapleton objected. (ECF No. 54.)

    Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Stapleton's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Stapleton agreed to dismiss Defendants Place and LaRock, Count III for retaliation under the First Amendment, Count VII for racial discrimination, and Count V for malicious prosecution under state law. Beyond that, the R & R recommended dismissing Count I for an Eighth Amendment violation and Count II for a violation of the Fourteenth Amendment's substantive due process clause. Stapleton raised two objections. First, that the R & R erred in recommending that his substantive due process claim be dismissed. Second, that the R & R erred in a factual finding regarding Stapleton's time spent in segregation for the marijuana violation. Stapleton did not object to the R & R's recommendation regarding Count I. Accordingly, the R & R will be adopted as to Count I. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "making some objections but failing to raise others will not preserve all the objections a party may have").

The R & R recommended dismissing Stapleton's substantive due process claim because it was better suited to be litigated under his Fourth Amendment claim. The R & R relied upon *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 813 (1994), which held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* (internal quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct.1865, 1871 (1989)); *see also Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013); *Gregory v. City of Louisville*, 444 F.3d 725, 749 (6th Cir. 2006).

Stapleton argues that under *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014), his substantive due process claim can survive alongside his Fourth Amendment malicious prosecution claim. Decisions from other circuits are not binding. *See, e.g.*, *Moldowan v. City of Warren*, 578 F.3d 351, 381 n.9 (6th Cir. 2009). *Halsey* also explicitly distinguished between the Fourth Amendment's protections before trial and substantive due process protections through and after trial. 750 F.3d at 291–92. Stapleton never reached trial as the prosecution dropped the criminal charge before trial began. Also, the R & R adequately discussed how the Fourth Amendment is the "explicit textual source of constitutional protection against" Stapleton's loss of liberty, *i.e.*, being placed in segregation and facing a criminal prosecution. Accordingly, the Court will adopt the R & R and will dismiss Stapleton's substantive due process claim and allow him to proceed on his Fourth Amendment malicious prosecution claim.

Stapleton also objected to a footnote in the R & R which stated, "It appears that Plaintiff was housed in segregation due to the marijuana and cigarette misconducts for less than 6 months." (ECF No. 52 at PageID.656 n.3.) If that statement was meant to be a finding of fact, Stapleton objects to it given a "host of disputed factual issues." (ECF No. 54 at PageID.668–69.) From the context and language used in the R & R, it is clear that the statement at issue was not meant as a definitive finding of fact. Accordingly, Stapleton's objection is unnecessary.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 52) is **APPROVED AND ADOPTED** as the Opinion of this Court and Plaintiff's Objections (ECF No. 54) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Dismissal and/or Summary Judgment (ECF No. 38) is **GRANTED** dismissing Defendants Place and LaRock, Plaintiff's

retaliation, racial discrimination, state law malicious prosecution, and substantive due process claims, and **DENIED** as to Defendants Durand, Pelkola, and Contreras on Plaintiff's Fourth Amendment malicious prosecution and conspiracy claims.


Dated: March 29, 2018                                      /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE