UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO STAPLETON #297778,

        Plaintiff,

v

DANNY PELKOLA, et al.,

        Defendants.

Case No. 2:16-cv-00138-GJQ-MV

Hon.  Gordon J. Quist
Magistrate Judge: Maarten Vermaat

**MOTION TO EXCLUDE CERTAIN CHARACTER AND
IMPEACHMENT EVIDENCE
AND BRIEF IN SUPPORT**

The Plaintiff, Antonio Stapleton,  by his attorneys, moves to exclude certain impeachment and character evidence, that may be introduced by the defense at the upcoming trial on August 19, 2019.  This Motion is based on *F.R.E. 403, 404, 608*, and *609*.

1.      This motion, which is partially supported by Plaintiff's Trial Brief, addresses the issues surrounding certain character or  impeachment evidence which the defense may seek to admit at trial. The specific Rules of Evidence implicated are: *403, 404, 608* and *609.*

2.      Through Exhibits C, D and E the defense has stated its intention to use certain evidence, apparently according to *FRE 404*.  That evidence is of other misconduct tickets written to Plaintiff while he has been incarcerated.  And, perhaps also his criminal conviction. Plaintiff has filed a Trial Brief addressing this issue and does not repeat those arguments here, except to say that Plaintiff's criminal convictions occurred many years ago, and the likelihood that a jury will  place great weight on his prior conviction will cause unfair prejudice. A jury will have a hard time separating the prior conviction from the occurrences which led to this lawsuit.

However, the two incidents don't share any common factors and should be seen as wholly different. A jury will have a hard time looking past a conviction for a car jacking and may seek to bring retribution on Plaintiff under the rationale "once a criminal always a criminal". When looking at the character evidence as a whole, it has no substantial bearing on the Defendants' case, and if it does, Plaintiff is not aware, since there is not an enumerated reason for its introduction. Certainly the risk of this prejudice and confusion cannot be overlooked and for this reason must be excluded as irrelevant under *F.R.E. 403.*

If the Court admits any misconduct evidence other than Plaintiff's June 11, 2013 ticket for possession of marijuana, then Plaintiff requests an instruction advising the jury of any limited purpose for which this evidence is admitted.

3.      It is also possible that the defense may seek to introduce character evidence under *F.R.E. 608.* That Rule allows a party to attack a witness' credibility by his or her reputation for truthfulness or an opinion about his or her character for truthfulness. However, when it comes to specific instances of conduct that shed light on credibility (not including criminal convictions under *F.R.E. 609*), extrinsic evidence is not admissible for this purpose except, in the court's discretion, upon cross examination.  However, this Rule requires that the specific instances be probative of character for truthfulness or untruthfulness of a witness about his own conduct or that of another witness who is the subject of the cross examination.

4.      Plaintiff's misconduct tickets in general are not at all relevant to his character for truthfulness in any way.

5.      There is also a possibility the defense may seek admission into evidence of Plaintiff's, Johnigan's or Silva's criminal convictions as impeachment evidence under *F.R.E. 609.* This Rule allows a party to impeach any witness by showing certain criminal convictions.

2

Any such evidence should be excluded under *F.R.E. 403* because the probative value of that evidence is substantially outweighed by the unfair prejudice it would cause Plaintiff. In addition, it will likely confuse the issues and mislead the jury, as noted above.

Wherefore, in the interest of justice, the Plaintiff requests that the Defendant be barred from introducing *Rule 404(b)* or *608* character evidence or *Rule 609* impeachment evidence, in the form of Plaintiff's, Johnigan's or Silva's past convictions or Plaintiff's other misconduct reports against him at trial.

Dated: August 14, 2019       Respectfully submitted:

             /s/ Judy E. Bregman
             Judy E. Bregman (P32252)
             BREGMAN & WELCH
             Co-Counsel for Plaintiff
             P.O. Box 885
             Grand Haven, MI 49417
             (616) 846-3145