UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO STAPLETON #297778,   Case No. 2:16-cv-138

    Plaintiff,   Hon. Maarten Vermaat
                                                        U.S. Magistrate Judge

v.

DANNY PELKOLA, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

### I. Introduction

Plaintiff Antonio Stapleton, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed this civil action June 8, 2016. (ECF No. 1.) Stapleton asserted that Defendants planted contraband in his personal property because he refused to assist prison officials in an investigation of unauthorized telephones in the prison.

This case went to trial before a jury on Stapleton's malicious prosecution and conspiracy claims. On August 21, 2019, the jury returned a verdict in favor of all Defendants on the malicious prosecution claim. (ECF No. 117, PageID.1142.) However, the jury returned verdicts in favor of Stapleton and against Defendants Pelkola and Contreras on the conspiracy claim. (*Id.*, PageID.1144.) The jury awarded Stapleton $650.06 in damages to be paid by Defendant Contreras.

Stapleton filed a motion for prejudgment interest, attorney fees, and costs. (ECF No. 120.) Plaintiff requests interest of $150.48[1], attorney fees of at least $975.09 (but asserts that the award should be greater and that the Court should find that the attorney fee limit of 150 percent of the judgment is unconstitutional), out of pocket attorney travel costs of $3,938.53, and statutory costs of $1,703.15 (Bill of Costs, ECF No. 119). Defendants filed a response and argue that no attorney fees or costs should be awarded. (ECF No. 123.) Stapleton filed a reply. (ECF No. 129.)

The Court concludes that the jury award was based upon a violation of Stapleton's rights under the constitution based upon Defendant Contreras engaging in a conspiratorial act to attempt to maliciously prosecute Stapleton for possession of marijuana. The fact that the object of the conspiracy failed is of no consequence to the jury verdict. Although, the parties now argue that the instructions regarding conspiracy were improper, the parties never objected to the instruction during trial and have failed to show plain error in the instruction.

Accordingly, Stapleton is entitled to an award of attorney fees, limited by constitutionally settled law under 42 U.S.C. § 1997e(d), and costs.

The Court grants in part Stapleton's motion for attorney fees and costs and awards attorney's fees in the amount of $975.09 – $160.52 of which is to be paid out of Plaintiff Stapleton's $650.06 money judgment. The remaining $812.57 in attorney's fees is to be paid by Defendant Contreras. In addition, Plaintiff Stapleton

---

[1] Defendants do not contest Stapleton's claim for interest on the judgment amount.

is entitled to an award of costs in the amount of $1,703.15 and $150.48 for prejudgment interest.

## II. Attorney's Fees Under the Prison Litigation Reform Act

In cases brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Prisoner Litigation Reform Act (PLRA) limits this discretion, however, in cases in which the prevailing party is a prisoner. 42 U.S.C. § 1997e(d); *Murphy v. Smith* 138 S.Ct. 784 (2018). The PLRA provides, in relevant part, that when "a prisoner who is confined to any jail, prison, or other correctional facility" prevails in an action in which attorney's fees are authorized under 42 U.S.C. § 1988, attorney's fees may only be awarded if "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights . . . and the amount of the fee is proportionately related to the court ordered relief for the violation or the fee was directly and reasonably incurred in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1).

## III. Whether Plaintiff Stapleton was the Prevailing Party

Despite the jury award for Stapleton against Defendant Contreras in the amount $650.06 in damages for conspiracy, Defendants argue that Stapleton was not the prevailing party. A prevailing party is allowed reasonable attorney's fees under 42 U.S.C. § 1988, subject to the limits set forth in 42 U.S.C. § 1997e(d)(1). *Riley v. Kurtz*, 361 F.3d 906, 914 (6th Cir. 2004); *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001).

3

Defendants argue that Stapleton failed to prove that his constitutional rights were violated. In supporting this argument, Defendants argue that Stapleton failed to prove racial discrimination or class-based animus necessary to support a 42 U.S.C. § 1985 conspiracy claim. As the Court previously explained, Stapleton's conspiracy claim was based on Count IV of the complaint, which alleged a Fourth Amendment malicious prosecution claim and conspiracy. (ECF No. 131, PageID.1301.) Stapleton's Section 1985 conspiracy claim was based upon Count VII and was dismissed.[2] Defendants' argument that Stapleton never supported a Section 1985 conspiracy is correct, because that claim was never presented to the jury. The Section 1985 conspiracy claim was dismissed well before trial. (*Id.*, PageID.1307.) The Court has similarly rejected the claim that Stapleton had to win on the malicious prosecution claim before he could win on his conspiracy claim. As previously explained in the September 23, 2020 order:

> The parties' interpretation implies that *at least one of the Defendants* must actually achieve the objectives of the conspiracy – i.e. depriving the plaintiff of a constitutional right – before any Defendant can be found liable for conspiracy. *Harcz*, which cites *Hooks*, the leading Sixth Circuit case on civil conspiracy, does expressly go that far. But, if the parties were correct on this point, then the Court would be obligated to rule in favor of the Defendants, because the jury found that Stapleton failed to prove that at least one Defendant achieved the objective of the conspiracy and, in fact, deprived Stapleton of a constitutional right. Stapleton, of course would have an entirely different view of whose substantial rights were violated.

(*Id.*, PageID.1311.)

---

[2] It should also be noted that Stapleton agreed to dismiss Count VII in his response to Defendants' motion for summary judgment. (ECF No. 42, PageID.287.)

4

As the Court explained in the order denying Plaintiff's motion for new trial and Defendants' motion for judgment as a matter of law, to the extent that the parties believe that the jury instruction on conspiracy was incorrect, the parties failed to make any objections to the instruction during trial. (ECF No. 131, PageID.1311-1313.) Importantly, the attorneys have now failed to make a plain error argument under Fed. R. Civ. P. 51(d)(2), which allows the Court to "consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." (*Id.*)

Stapleton prevailed in this case on his conspiracy claim against Defendant Contreras. The jury awarded damages and found against Contreras. It is reasonable to conclude that the jury determined that Defendant Contreras engaged in the conspiracy by causing or initiating Stapleton's malicious prosecution for possession of marijuana. No doubt, the Defendants failed to secure a prosecution of Stapleton, at least, in Marquette County as the charges were ultimately dropped. And, of course, the jury in fact determined that the malicious prosecution claim was not proven. However, the fact that the objective of the conspiracy failed – the prosecution for marijuana possession – is of no consequence to the jury verdict that Defendant Contreras had engaged in a conspiracy to attempt to maliciously prosecute Stapleton for possession of marijuana.

**IV. Calculating Attorney's Fees Under 42 U.S.C. § 1997e(d)**

When a court decides to award reasonable attorney's fees under 42 U.S.C. § 1988, the PLRA limits the amount of attorney's fees that the court may award as follows:

> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d).

Stapleton urges the Court to find this statute unconstitutional. The Court declines to take up that invitation. First, Stapleton sets forth no valid basis for the Court to conclude that the limit of attorney fees is unconstitutional. Second, even Stapleton recognizes that the Sixth Circuit has found that the statute is constitutional and must be enforced. *Walker v. Bain*, 257 F.3d. 660, 670 (6th Cir. 2001) (ECF No. 120, PageID.1154.) This court, like the Sixth Circuit Court of Appeals, is also "not authorized to act as a 'superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.'" *Id.* (concluding that the statute survives rational constitutional review). Defendant has presented no basis for the Court to find 42 U.S.C. § 1997e(d) unconstitutional.

Thus, the first step in calculating a defendant's liability for attorney's fees in a prisoner civil rights case is to multiply the number of hours reasonably expended on

the case by either a reasonable hourly rate (applying the "lodestar method") or by 150 percent of the hourly rate established for payment of court-appointed counsel in 18 U.S.C. 3006A, whichever is lower. *Spruytte v. Hoffner* 197 F.Supp.2d 931, 933 (W.D. Mich. 2001); *Kensu v. Buskirk*, 2016 U.S. Dist. LEXIS 151329, at *13-14 (E.D. Mich. Nov. 1, 2016). Second, if the result exceeds 150 percent of the judgment, then the award is limited to 150 percent of the judgment. *King v. Zamiara*, 788 F.3d 207, 218 (6th Cir. 2015). Finally, attorney's fees awarded under the PLRA must be paid first out of the prevailing party's judgment, applying up to 25 percent of that judgment before burdening the defendant with attorney's fees. *Murphy v. Smith* 138 S.Ct. 784.

Following *Murphy*, the Court does not have the discretion to shift fees to the defendant by applying less than 25 percent of the judgment towards the fees. *Id*. Simply put, when the award of attorney's fees is less than 25 percent of the judgment, the prevailing party covers the whole amount, and when the award exceeds 25 percent of the judgment, 25 percent of the prevailing party's judgment must be applied to the fees, with the defendant liable for the remainder of the award.

The court recognizes that counsel for Stapleton expended more time in this case than the amount of time compensable under the statute. That is not disputed. The amount of attorney fees in this case is capped at $975.09. This is equal to 150 percent of the $650.06 judgment. Counsel is entitled to this attorney fee award. However, 25 percent of $650.06 judgment ($162.52) must be first applied to the attorney fee award.

7

Accordingly, Stapleton's attorneys are entitled to an attorney fee award of $812.57 ($975.09 - $160.52) from Defendant Contreras.

### IV. Costs

In addition to attorney's fees, Stapleton's motion requests the Court award out of pocket attorney travel costs of $3,938.53 (ECF No. 120-2, PageID.1161.) and statutory costs of $1,703.15 (Bill of Costs, ECF No. 119). The Sixth Circuit has interpreted Fed. R. Civ. P. 54(d) to create a "presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Taxable costs are outlined in and limited by 18 U.S.C. § 1920, providing for the following allowable costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

18 U.S.C. § 1920. These costs do not include expenses accrued by attorneys, which are part of "attorney's fees" separate from costs allowed to prevailing parties under Fed. R. Civ. P. 54(d). As such, expenses for "travel and subsistence" incurred by attorneys are not allowable costs, however, the same expenses incurred for a witness may be allowed. *King v. Gowdy*, 268 Fed.Appx. 389, 391 (6th Cir. 2008). Rule 54.1 of the Local Civil Rules of the Western District of Michigan states that "[i]f the parties cannot agree [on costs], a bill of costs shall be filed with the clerk within twenty-eight

(28) days from the entry of judgment." W.D. Mich. LCivR 54.1. Stapleton did timely file a bill of costs.

Stapleton's request for reimbursement of attorney travel costs in the amount of $3,938.53 must be DENIED. Attorney travel costs are not allowable as separate expenses and are intended to be satisfied from the attorney fee award.

The remaining costs representing $1,703.15 are set forth in Stapleton's proposed bill of costs. (ECF No. 119.) Defendants argue that the $1,361.80 cost for deposition transcripts was unnecessary and should not be recoverable by Stapleton. Defendants argue that the depositions of former Defendants LaRock and Place were unnecessary, as they had been dismissed from the case and did not testify during trial. Similarly, Defendants argue that the deposition of Plaintiff Stapleton was unnecessary. Additionally, Defendants argue that the remaining deposition transcripts for Durand, Contreras, and Pelkola should not be recoverable as costs because Stapleton was not the prevailing party and he could not show discriminatory animus to support a Section 1985 conspiracy claim.

Stapleton asserts that the depositions of LaRock and Place were taken to determine their roles in this case and to respond to Defendants' motion for summary judgment. Stapleton agreed to dismiss these Defendants after they filed their summary judgment motions. (ECF No. 5, PageID.648.) Defendants took Plaintiff Stapleton's deposition[3], so Stapleton was able to purchase a reduced cost transcript.

---

[3] Since Defendants took Plaintiff's deposition, their argument that his deposition was unnecessary is not supported by fact. (ECF No. 129, PageID.1286.)

Each of these deposition transcripts were reasonable expenses and "necessarily obtained for use in the case."

Finally, the remaining depositions were necessary for litigation purposes. Again, Defendants simply fail to understand the conspiracy claim in this case. It was not based upon Section 1985. The Court has already explained that the Section 1985 conspiracy claim was dismissed well before trial. Defense counsel should have known that.

As already explained, Stapleton prevailed in this case against Defendant Contreras. Accordingly, the deposition transcript costs were necessary and recoverable as costs in this case.

### V.  Conclusion

Accordingly, Plaintiff Stapleton's motion for attorney's fees and costs is GRANTED IN PART as follows:

The Court awards attorney's fees in the amount of $975.09 – $160.52 of which is to be paid out of Plaintiff Stapleton's $650.06 money judgment. The remaining $812.57 in attorney's fees are to be paid by Defendant Contreras.

In addition, Plaintiff Stapleton is entitled to an award of costs in the amount of $1,703.15 and $150.48 for prejudgment interest.

IT IS SO ORDERED.

Dated:  September 25, 2020                         /s/ *Maarten Vermaat*
                                                                             MAARTEN VERMAAT
                                                                             U.S. MAGISTRATE JUDGE